(No. 1752— )

J. B. BRUNS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1933.*

WALTER E. LINDGREN, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on the 12th day of October, A. D. 1929, the claimant was employed as an attendant at the Elgin State Hospital, Elgin, Illinois. He claims that on said date, while in the performance of his duties, he sustained an injury to his right hand by coming in contact with a rusty screen wire, resulting in an infection which necessitated several incisions and resulted in a ninety per cent (90%) loss of the use of such hand; and makes claim for compensation under the provisions of the Workmen's Compensation Act.

The injuries in question were sustained on October 12th, 1929, and the evidence fails to show that any claim for compensation was ever made. The declaration was filed in this Court on March 31st, 1931.

The Attorney General has filed a motion to dismiss the claim for want of jurisdiction on the following grounds, to-wit:

1. The failure of the claimant to make claim for compensation within six months after the accident.

2. The failure of the claimant to file a declaration or application for compensation within one year after the date of the injury; as required by the terms and provisions of Section Twenty-four (24) of the Compensation Act.

The same question was presented in the case of *Elbert J. Crabtree* vs. *State*, No. 2046, decided at this term of court, and a similar motion was presented by the Attorney General. The question involved was thoroughly considered by the court in that case and the court there held that the terms and provisions of the Workmen's Compensation Act, so far as they are applicable, must be considered in cases of this character, the same as though such terms and provisions were incorporated bodily in the Court of Claims Act; and that a compliance with the aforementioned terms and provisions of Section Twenty-four (24) of the Compensation Act is a condition precedent to the right of the claimant to maintain his proceeding in this court.

The court in the decision of this case must be governed by the same principles of law.

The claimant having failed to make claim for compensation within six months after the accident, and having failed to file his application or declaration in this court within one year after the injury, or within one year after the date of the last payment of compensation, this court is without jurisdiction to proceed with the hearing.

IT IS THEREFORE ORDERED, That the motion of the Attorney General to dismiss be sustained, and the claim is hereby dismissed.